(No. 39239.—▮▮▮▮▮)

Mary Louise Olson *et al.*, Appellants, *vs.* The Industrial Commission *et al.*—(Oil Well Supply Company, Appellee.)

*Opinion filed November 19, 1965.*

Woodcock & Ellsworth, of Mt. Carmel, for appellants.

Stevenson, Conaghan, Hackbert, Rooks and Pitts, of Chicago, and Gosnell & Benecki, of Lawrenceville, (Douglas F. Stevenson and Maurice E. Gosnell, of counsel,) for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

This is an appeal from an order of the circuit court of Wabash County confirming a decision of the Industrial Commission which found that the death of the employee, Martin W. Olson, was not a result of accidental injuries arising out of and in the course of his employment. The claimants, the widow and minor children of the decedent, bring this appeal.

The decedent was employed by Oil Well Supply Company on April 18, 1962. On that day just before 4:00 P.M. the decedent came into the pump shop and without warning or trauma fell to the ground. He was taken to the hospital and died of a cerebral hemorrhage twelve hours later without regaining consciousness.

Two doctors testified on behalf of the claimants and one doctor testified for the employer. It appears from the evidence that decedent was afflicted with Meniere's syndrome which affects the inner ear, the chief symptom of which is dizziness.

The arbitrator found that the decedent died as a result of an accidental injury arising out of and in the course of his employment and made an award in favor of the claimants. This award was set aside by the Industrial Commission which found that the petitioners failed to prove that the decedent sustained accidental injuries arising out of and in the course of his employment causing his death. Upon statutory review the circuit court affirmed the Industrial Commission.

We have carefully examined the record in this case and find that the medical testimony is in dispute. While some interpretations of the testimony of petitioners' medical experts might have sustained an award, the testimony of the employer's medical expert clearly established a foundation for a finding that there was no causal relationship between decedent's employment and his fall and consequent death.

On the basis of the entire record, we cannot say that the decision of the Industrial Commission was contrary to the manifest weight of the evidence. We find nothing to justify this court in disturbing the resolution of conflicting medical testimony by the Industrial Commission. *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32; *Inland Steel Co.* v. *Industrial Com.* 18 Ill.2d 70.

We conclude that the judgment of the circuit court confirming the decision of the Industrial Commission must be affirmed.

*Judgment affirmed.*